**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **DINO DENIRO**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**NEW CREATION LANDSCAPING LLC**,<br>d/b/a **NEW CREATION LANDSCAPING**,<br>an Ohio limited liability company,<br>**EDWARD COLLINS JR**., an individual,<br>and **EDWARD COLLINS III**, an individual,<br><br>Defendants. | Case No.: 5:23-cv-01840-SL<br><br>JUDGE SARA LIOI<br><br>**JOINT MOTION TO APPROVE<br>SETTLEMENT AGREEMENT** |

Plaintiff Dino DeNiro ("Plaintiff") and Defendants New Creation Landscaping LLC, Edward Collins Jr., and Edward Collins III ("Defendants") jointly move the Court to approve the parties' Settlement Agreement, which is attached as Exhibit A.

## I. BACKGROUND

According to the Complaint, Defendants are engaged in operating a landscaping business and in the performance of related types of activities. (Doc. No. 1 ¶ 2.) Plaintiff was employed by Defendants from March 2021 through November 2022. (*Id*. ¶ 1.) From March 2022 through November 2022, Plaintiff spent about 60 hours per week performing various landscaping, snow removal, maintenance work, and roofing and foundation repair services for Defendants at the Granger Lake Condominiums in Medina County, Ohio. (*Id*. ¶¶ 20-21.) Defendants never paid Plaintiff for his roofing and foundation repair work at the Granger Lake Condominiums and never paid overtime wages to Plaintiff for the 20 hours of overtime he worked each workweek at the Granger Lake Condominiums from March 2022 through November 2022. (*Id*. ¶ 25.) Plaintiff

alleges that Defendants violated federal and state wage-and-hour law by misclassifying Plaintiff as an independent contractor and refusing to pay overtime wages to Plaintiff at the statutory rate of 1.5 times his "regular rate" of pay for the 20 hours of overtime Plaintiff worked each workweek at the Granger Lake Condominiums from March 2022 through November 2022. (*Id*. ¶ 28.) Additionally, Plaintiff alleges that in March 2022 the parties entered into a valid and enforceable contract whereby Defendants were obligated to pay Plaintiff $35.00 per hour for his roofing and foundation repair work at the Granger Lake Condominiums, but Defendants breached the contract by never paying Plaintiff for such work. (*Id*. ¶¶ 91-101.)

Based upon these facts, Plaintiff asserted the following causes of action against Defendants: Count I – Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.; Count II – Failure to Pay Overtime Wages in Violation of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq*.; Count III – Recordkeeping Violations in Violation of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq*.; Count IV – Failure to Timely Pay Earned Wages in Violation of the Ohio Prompt Payment Act, O.R.C. § 4113 *et seq*.; Count V – Breach of Contract; and Count VI – Unjust Enrichment. (Doc. No. 1 ¶¶ 102-155.) Defendants dispute these allegations. (*See generally* Exhibit A.)

## II. LEGAL ARGUMENT

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to 29 U.S.C. § 216(b). *Id*.

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id*. (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)).

3

### 1. *The Risk of Fraud or Collusion*

Courts generally presume the absence of fraud or collusion unless proven otherwise. *See In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1016 (S.D. Ohio 2001) ("Courts respect the integrity of counsel and presume the absence of fraud or collusion in negotiating the settlement unless evidence to the contrary is offered."); *In re Delphi Corp. Sec., Derivative & "ERISA" Litig.*, 248 F.R.D. 483, 501 (E.D. Mich. 2008) ("Without evidence to the contrary, the court may presume that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion.").

Here, Defendants vigorously deny Plaintiff's allegations, and thus, the parties' divergent views of the facts and the law present a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. (*See* Doc. No. 1; Exhibit A at 1.) The settlement represents a fair and reasonable resolution of these bona fide disputes that was the result of arms-length negotiations between parties represented by able counsel after an investigation of the facts by Plaintiff's counsel and a determination that the settlement is in Plaintiff's best interest. (*See* Exhibit A ¶¶ 1-2, 8, 14.) Accordingly, the settlement was reached in good faith and does not present the risk of fraud or collusion.

### 2. *The Complexity, Expense, and Likely Duration of the Litigation*

The complexity, expense, and duration of continued litigation – which would likely involve a motion to dismiss, depositions, summary judgment motions, and a possible jury trial – would far exceed the claims' value. Hence, this factor weighs in favor of approval.

### 3. *The Amount of Discovery Completed*

To confirm that plaintiffs "have had access to sufficient information to evaluate their case and to assess the adequacy of the proposed Settlement," the Court must consider the amount of

discovery engaged in by the parties. *Harsh v. Kalida Mfg., Inc.*, No. 3:18-CV-2239, 2021 WL 4145720, at *5 (N.D. Ohio Sept. 13, 2021) (quoting *Wright v. Premier Courier, Inc.*, No. 2:16-CV-420, 2018 WL 3966253, at *4 (S.D. Ohio Aug. 17, 2018)). "In considering whether there has been sufficient discovery to permit the plaintiffs to make an informed evaluation of the merits of a possible settlement, the court should take account not only of court-refereed discovery but also informal discovery in which parties engaged both before and after litigation commenced." *Id*. at *4 (internal citations omitted). In this consideration, "the absence of formal discovery is not unusual or problematic, so long as the parties and the court have adequate information in order to evaluate the relative positions of the parties." *Id*.

Here, although the parties have not proceeded with formal discovery, the parties engaged in over two months of back-and-forth settlement negotiations which allowed them to formulate an informed basis for evaluating their respective claims and defenses. Counsel for both sides adequately researched the legal issues the case presents, and both sides understood all aspects of the dispute. Therefore, the parties were sufficiently informed to negotiate a fair, reasonable, and adequate settlement. This factor weighs in favor of approving the proposed settlement.

   4. *The Likelihood of Success on the Merits*

The Settlement Agreement calls for a monetary award to Plaintiff in the amount of $6,599.33. (Exhibit A ¶ 1.) The payment constitutes fair, adequate, and reasonable consideration given the disputed nature of Plaintiff's alleged wage claims and the significant costs, uncertainty, and risk associated with litigating his claims though trial. (*See id*. ¶¶ 1-2, 8, 14.) Notably, under the FLSA, "only employees are entitled to overtime and minimum-wage compensation." *Keller v. Miri Microsystems LLC*, 781 F.3d 799, 806 (6th Cir. 2015). The question of whether Plaintiff was Defendant's employee or an independent contractor is hotly disputed. If the Court ruled that

Plaintiff was an independent contractor – and not an employee – it would have extinguished Plaintiff's claims for unpaid overtime compensation and liquidated damages, leaving him with only common law breach of contract and unjust enrichment claims. Although Plaintiff believes he would ultimately prevail on the employee vs. independent contractor issue, there is an inherent risk of litigation and trial. By agreeing to the settlement, risks are eliminated, and Plaintiff is guaranteed to receive an excellent recovery now, rather than possibly receiving an unknown recovery many months from now or not receiving any recovery ever. While the Court is not in a position to assess the likelihood of success on the merits, as the case was still in the early stages when settlement was reached, the Court should find that this factor weighs in favor of approval. Any likelihood of success on the merits by Plaintiff would require depositions, substantial motion practice, and a jury trial, and both the potential risks and expenses of continued litigation are far outweighed by the benefits of the proposed settlement.

### 5. *The Public Interest in Settlement*

The public interest generally favors settlement, *Radabaugh v. JPMorgan Chase & Co.*, No. 2:22-CV-4356, 2023 WL 7734265, at *2 (S.D. Ohio Oct. 5, 2023), and the public interest is not adversely impacted by this settlement, which involves only individual claims. The settlement confers immediate benefits for Plaintiff without the risk and expense of further litigation and conserves judicial resources. Hence, the public interest favors approval of the settlement.

### 6. *Plaintiff's Counsel's Attorney's Fees and Costs are Reasonable*

The FLSA provides that the Court shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The award is mandatory, *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, Loc. 307 v. G & M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984), but it must be reasonable such that

6

it is "adequately compensatory to attract competent counsel" and "avoids producing a windfall for lawyers." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004). Ohio law also provides for costs and reasonable attorney fees. O.R.C. § 4111.10(A).

The Settlement Agreement provides for attorney's fees in the amount of $3,299.66, which is 31.33% of the gross settlement amount ($10,532.00) and 33% of the net settlement amount ($9,898.99). (Exhibit A ¶ 1.) The award is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome providing relief to Plaintiff. While this is not an FLSA collective action, it is notable that "[i]n FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms, Inc.*, No. 1:17-CV-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018); *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-CV-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (indicating that one-third of the fund "is a normal fee amount in a wage and hour case"); *McElroy v. Fresh Mark, Inc.*, No. 5:22-CV-287, 2023 WL 7130776, at *4-*5 (N.D. Ohio Oct. 30, 2023) (approving attorney's fees in the amount of roughly one-third of the maximum settlement amount); *Fortin v. Dedicated Nursing Associates, Inc.*, No. 2:21-CV-2836, 2022 WL 17067762, at *2 (S.D. Ohio Nov. 17, 2022) (approving attorney's fees in the amount of approximately one-third of the total settlement amount); *Fassa v. P&E Express Inc.*, No. 2:21-CV-542, 2022 WL 1158593, at *2 (S.D. Ohio Apr. 5, 2022) (same).

Plaintiff's counsel undertook the representation on a contingent-fee basis, thus bearing the risk of losing substantial time and resources. Without a settlement, Plaintiff faced a risk of not recovering at all, and furthermore, even if Plaintiff had prevailed on the merits at trial, the amount he would have recovered is highly uncertain. Hence, Plaintiff's counsel's one-third contingency fee is reasonable, taking into consideration the course of proceedings and the successful outcome

7

providing substantial relief to Plaintiff.

Finally, the Settlement Agreement provides for Plaintiff's counsel to receive $633.01 in costs. (Exhibit A ¶ 1.) These costs include the filing fee ($402.00), the *pro hac vice* admission fee ($120.00), and miscellaneous costs, such as PACER research and mail and postage fees, totaling $111.01. *See Ramsey v. FirstEnergy Corp.*, No. 5:23-CV-86, 2023 WL 6794478, at *7 (N.D. Ohio Oct. 13, 2023) (approving the recovery of $402 filing fee and $240 for *pro hac vice* admission costs). These costs were incurred in the course of this action for the purpose of preserving, proving, and presenting Plaintiff's claims and were necessary to litigate and prosecute the lawsuit. Given this information, the Court should find that these costs are reasonable. *See Gresky v. Checker Notions Co. Inc.*, No. 3:21-CV-01203, 2022 WL 3700739, at *11 (N.D. Ohio Aug. 26, 2022) ("When costs and expenses are incurred that are necessary to litigate and prosecute the lawsuit, they are reasonable").

### III. CONCLUSION

For all the foregoing reasons, the parties respectfully request that the Court approve the Settlement Agreement, dismiss Plaintiff's claims with prejudice, and retain jurisdiction to enforce the parties' Settlement Agreement.

| | |
|---|---|
| */s/ Rod M. Johnston* | */s/ Brian J. Williams (w/ consent)* |
| Rod M. Johnston (admitted *pro hac vice*) | Brian J. Williams (0020645) |
| **JOHNSTON LAW, PLLC** | 209 S. Main St., 8th Floor |
| 6911 Duchess Court | Akron, Ohio 44308 |
| Troy, Michigan 48098 | (330) 762-0080 |
| (586) 321-8466 | (330) 762-0720 Fax |
| rod@johnstonlawflsa.com | bjpwlegal@gmail.com |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                                                 */s/ Rod M. Johnston*
                                                                 Rod M. Johnston
                                                                 **JOHNSTON LAW, PLLC**
                                                                 6911 Duchess Court
                                                                 Troy, Michigan 48098
                                                                 (586) 321-8466
                                                                 rod@johnstonlawflsa.com