# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into by and between Dino DeNiro ("Plaintiff") and New Creation Landscaping LLC, Edward Collins Jr., and Edward Collins III ("Defendants") (collectively, "the Parties"). The terms of this Agreement are as follows:

**WHEREAS,** Plaintiff filed a lawsuit in the Northern District of Ohio, Eastern Division, Case No. 5:23-cv-01840-SL captioned, *Dino DeNiro v. New Creation Landscaping LLC, et al.* (the "Lawsuit"), against Defendants alleging the following causes of action: Count I - Failure to Pay Overtime Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*; Count II - Failure to Pay Overtime Wages in Violation of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq.*; Count III – Recordkeeping Violations in Violation of the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111 *et seq.*; Count IV – Failure to Timely Pay Earned Wages in Violation of the Ohio Prompt Payment Act, O.R.C. § 4113 *et seq.*; Count V – Breach of Contract; and Count VI – Unjust Enrichment.

**WHEREAS,** Defendants vigorously deny Plaintiff's claims in the Lawsuit, the allegations in Plaintiff's Complaint, and all allegations of wrongdoing asserted by Plaintiff.

**WHEREAS,** Plaintiff and Defendants, for sound reasons and to avoid further costs, desire to resolve fully and finally Plaintiff's claims without making an admission of liability or wrongdoing on the part of any Party, which liability or wrongdoing is expressly denied.

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants hereby acknowledge and agree as follows:

1. <u>Settlement Amount and Payments</u>. In consideration of the terms and conditions of this Agreement, Defendants agree to pay Plaintiff the total sum of **$10,532.00**, payable as follows: A payment to Plaintiff in the amount of **$10,532.00**, of which **$6,599.33** shall be allocated to Plaintiff, **$3,299.66** shall be allocated as Plaintiff's attorney's fees, and **$633.01** shall be allocated to costs (the "Settlement Amount"). The Settlement Amount will be paid in the form of a single check made payable to Johnston Law, PLLC and mailed via Certified Mail or other delivery service that can be tracked, to Rod M. Johnston, Johnston Law, PLLC, 6911 Duchess Court, Troy, Michigan 48098. Plaintiff agrees that the foregoing compensation constitutes complete and adequate consideration for the terms of this Agreement and that he is not entitled to any further compensation or benefits of any kind from Defendants.

2. <u>Settlement Agreement in Plaintiff's Best Interest</u>. Plaintiff's counsel represents having conducted a thorough investigation into the facts of this action and diligently pursuing an investigation of Plaintiff's claims and defenses against Defendants. This included reviewing relevant documents and researching the applicable law and the potential defenses. Based on an independent investigation and evaluation, it is Plaintiff's counsel's opinion that the Settlement Amount and this Agreement are fair, adequate, and reasonable and are in Plaintiff's best interest considering all known facts, circumstances, and the significant costs, uncertainty, and risk associated with litigating Plaintiff's claims though trial.

3.   Dismissal of Claims. Upon execution of this Agreement, the Parties shall file a Joint Motion to Approve Settlement Agreement ("Joint Motion"). The Joint Motion shall, among other things, request that the Court approve this Agreement and dismiss the Lawsuit with prejudice. If the Court does not enter an Order approving this Agreement and dismissing the Lawsuit with prejudice, the Parties shall promptly take whatever steps are reasonably necessary to revise this Agreement to conform with the Court's Order. Plaintiff shall not be entitled to receive, and Defendant shall not be obligated to pay, any portion of the Settlement Amount until seven (7) business days following the date on which all of the following have occurred: (i) Plaintiff and Plaintiff's counsel have executed this Agreement; (ii) Plaintiff's counsel has returned an executed copy of this Agreement to Defendant's counsel, Brian Williams, at bjpwlegal@gmail.com; (iii) the Parties file the Joint Motion; and (iv) the Court grants the Joint Motion and dismisses the Lawsuit with prejudice.

4.   Release of Claims. In consideration for this Agreement, Plaintiff, for himself and his successors and assigns, hereby settles, waives, releases, and discharges Defendants from all claims, demands, liabilities, damages, costs, and expenses (including attorneys' fees and legal expenses) asserted in the Lawsuit.

5.   Full Compensation. Plaintiff and Defendants agree that except as provided for in this Agreement, all compensation and other payments due as a result of Plaintiff's alleged employment with Defendants have been paid in full and that Plaintiff is not entitled to any additional wages or other payments whatsoever. Therefore, Plaintiff is not entitled to any further compensation or benefits beyond what is specifically set forth in this Agreement.

6.   Non-Disparagement/Neutral Reference. Plaintiff will not make any statement, orally, in writing, or otherwise, or in any way disseminate any information, concerning Defendants, their employees, officers, or directors (past or present), or concerning Defendants' operations, which, in any way, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon Defendants, their employees, officers, or directors (past or present), or their reputations or standing in the business community or the community as a whole. Likewise, Defendants will not make any statement, orally, in writing, or otherwise, or in any way disseminate any information, concerning Plaintiff, which, in any way, in form or substance, harms, disparages, or otherwise casts an unfavorable light upon Plaintiff. Upon inquiry from any potential employer, Defendants will provide a neutral reference for Plaintiff, indicating the services Plaintiff provided for Defendants and the dates during which he performed said services.

7.   No Rehire. Plaintiff agrees that the circumstances surrounding his relationship with Defendants are unique, that irreconcilable differences have arisen between Plaintiff and Defendants, and that as a result, Plaintiff will never be qualified to hold any position with, or perform any services for, Defendants. For these reasons, Plaintiff agrees never to seek employment or a contract for services with Defendants. This provision shall not require Plaintiff to resign nor serve as a basis for his termination in the event Defendants merge with or acquire an employer who already employs Plaintiff at the time of any such merger or acquisition. In such an event, Plaintiff will be treated the same as any other contractor or at-will employee.

8.   Construction. This Agreement is governed by and will be construed in accordance

with the laws of the State of Ohio. The terms and conditions of this Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties, and it shall not be construed in favor of, or against, either of the Parties by reason of the extent to which they participated in the drafting of this Agreement.

9. <u>No Admission of Wrongdoing</u>. The Parties have entered into this Agreement as a compromise to resolve disputed claims. Neither the fact of this Agreement nor any of its parts shall be construed as an admission of wrongdoing, liability, defense, or that any fact or allegation asserted by either Party was true. The Parties expressly deny any wrongdoing.

10. <u>Incorporation of Recitals</u>. The recitals set forth at the beginning of this Agreement are incorporated into this Agreement by reference.

11. <u>Entire Agreement</u>. This Agreement is the entire agreement between the Parties and supersedes and voids all prior agreements and understandings between Defendants and Plaintiff, and this Agreement cannot be amended or modified except by a writing signed by the Parties.

12. <u>Validity</u>. The invalidity or unenforceability of any provision of this Agreement will not affect the validity and enforceability of any other provisions of this Agreement, which will remain in full force and effect.

13. <u>Declaration of Review</u>. The Parties declare that they have carefully read this Agreement, reviewed its terms with their respective counsel, and its purpose is to constitute a full and final resolution of the matters addressed herein.

14. <u>Fair, Adequate and Reasonable Settlement</u>. The Parties agree that the Settlement Amount and this Agreement are fair, adequate, and reasonable.

15. <u>No Prior Assignments</u>. The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Agreement.

16. <u>Continuing Obligations and Benefits</u>. This Agreement will be binding upon and inure to the benefit of Plaintiff and his heirs, executors, and assigns, and Defendants and their officers, directors, employees, members, successors, and assigns.

DATED: 12/15/2023            JOHNSTON LAW, PLLC

*Rod Johnston*
Rod M. Johnston
On Behalf of Johnston Law, PLLC

DATED: 12/15/2023

*DinoTeNiro DD*
Dino DeNiro

DATED: _____     NEW CREATION LANDSCAPING LLC

_____
Edward Collins Jr.
On Behalf of New Creation Landscaping LLC

DATED: _____

_____
Edward Collins Jr.

DATED: _____

_____
Edward Collins III

4

DATED: 12/15/2023                                JOHNSTON LAW, PLLC

*Rod Johnston*
Rod M. Johnston
On Behalf of Johnston Law, PLLC

DATED: 12/15/2023

*DinoTeNiro DD*
Dino DeNiro

DATED: 12-20-23                                  NEW CREATION LANDSCAPING LLC

*Edward Collins*
Edward Collins Jr.
On Behalf of New Creation Landscaping LLC

DATED: 12-20-23

*Edward Collins*
Edward Collins Jr.

DATED: 12/20/23

*Edward Collins III*
Edward Collins III

4