UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DINO DENIRO, | ) | CASE NO. 5:23-cv-1840 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| NEW CREATION LANDSCAPING LLC, | ) | |
| d/b/a NEW CREATION LANDSCAPING, | ) | |
| et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the parties' joint motion for approval of settlement and dismissal of the case. (Doc. No. 9 (Motion).) Because the Court finds that the settlement represents a fair resolution of plaintiff's claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the joint motion is granted, the settlement is approved, and the case is dismissed with prejudice.

I. BACKGROUND

Plaintiff Dino DeNiro ("DeNiro") was employed by defendant New Creation Landscaping LLC ("New Creation") from March 2021 to November 2022. (Doc. No. 1 ¶ 1.) DeNiro alleges that New Creation intentionally misclassified him as an independent contractor and failed to pay him the overtime to which he was entitled. (*Id.* ¶¶ 26, 28.) He asserts causes of action under the FLSA, 29 U.S.C. § 201 *et seq.* (*Id.* ¶¶ 102–10); the Ohio Minimum Fair Wage Standard Act, O.R.C. § 4111 *et seq.* (*Id.* ¶¶ 111–24); and the Ohio Prompt Payment Act, O.R.C. § 4113 *et seq.* (*Id.* ¶¶ 125–34); as well as breach of contract and unjust enrichment claims. (*Id.* ¶¶ 135–55.)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cnty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202) (further citation omitted).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods*, 679 F.2d at 1353. The second exception, applicable here, encompasses instances where a federal district court approves the settlement of a suit brought pursuant to § 216(b) of the FLSA. *Id.*

In reviewing the settlement of a plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09CV1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000) (further citation omitted)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion; the complexity, expense,

and likely duration of the litigation; the amount of discovery completed; the likelihood of success on the merits; and, the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the divergent views of the facts and the law presented a bona fide dispute that, had the parties not reached settlement, would have necessitated resolution by the Court and/or a jury. The parties' motion confirms the same. (Doc. No. 9, at 4.)[1]

Having reviewed the terms of the settlement, the Court finds that the settlement represents a fair and reasonable resolution to the bona fide dispute. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel. As such, the Court finds no risk of fraud or collusion. While the Court is not in a position to assess the likelihood of success on the merits, the Court finds that the other relevant factors weigh in favor of approving the settlement.

With respect to the monetary awards, the settlement provides that New Creation will pay DeNiro a total of $10,532.00, of which $6,599.33 will be allocated to DeNiro, $3,299.66 will be allocated as attorney's fees, and $633.01 will be allocated as costs. (Doc. No. 9-1 (Settlement Agreement) ¶ 1.) The Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed payment to DeNiro "constitutes fair, adequate,

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the electronic filing system.

and reasonable consideration." (Doc. No. 9, at 5.) The Court agrees with counsel that this is a fair and adequate compromise of the disputed claims.

Additionally, the Court finds that the award of attorney's fees to DeNiro's counsel is reasonable, taking into consideration the course of proceedings and the successful outcome providing relief to DeNiro. The proposed attorney's fees constitute 31.33 percent of the gross settlement amount. An attorney's fee award must be reasonable such that it is "adequately compensatory to attract competent counsel" and "avoids producing a windfall for lawyers." *Reed v. Rhodes,* 179 F.3d 453, 471 (6th Cir.1999) (citing *Blum v. Stenson,* 465 U.S. 886, 893, 897, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)). Although this is not an FLSA collective action, "[i]n FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms, Inc.*, No. 1:17-cv-1875, 2018 WL 7508650, at *4 (N.D. Ohio July 27, 2018); *Brandenburg v. Cousin Vinny's Pizza*, LLC, No. 3:16-cv-516, 2019 WL 6310376, at *5 (S.D. Ohio Nov. 25, 2019) (indicating that one-third of the fund "is a normal fee amount in a wage and hour case").

The Court also finds the award of costs to DeNiro's counsel to be reasonable. These costs include the filing fee ($402.00), the pro hac vice admission fee ($120.00), and miscellaneous costs, such as PACER research and mail and postage fees, totaling $111.01. (Doc. No. 9, at 8); *see Ramsey v. FirstEnergy Corp.*, No. 5:23-cv-86, 2023 WL 6794478, at *7 (N.D. Ohio Oct. 13, 2023) (approving the recovery of $402 filing fee and $240 for pro hac vice admission costs).

4

## IV. CONCLUSION

For the foregoing reasons, the Court approves the parties' joint motion for approval of settlement. (Doc. No. 9.) The claims in DeNiro's complaint are dismissed with prejudice, and this case is closed. The Court retains jurisdiction over this action to enforce the terms of the settlement.

**IT IS SO ORDERED**.

Dated: January 10, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**